## No. 10,440.

### STATE EX REL. C. E. LEBLANC VS. THE JUDGE OF THE SECOND CITY COURT OF THE CITY OF NEW ORLEANS.

A judge of a City Court of the city of New Orleans has exclusive jurisdiction over all sums not exceeding twenty-five dollars, exclusive of interest.  A suit by a son, who has just arrived at the age of majority, against a tenant of his property, which was leased to him by his father, during the term of his minority, for the tithe thereof which is alleged to have fallen to his portion, is not in the nature of a petitory action, or one for a settlement of accounts, and it comes within the constitutional jurisdiction of a judge of that court.

APPLICATION for Prohibition.

*Charles Louque* for the Relator.

The opinion of the court was delivered by

WATKINS, J.  The relator is one of the defendants in a suit entitled P. H. LeBlanc vs. H. Mehnert & Co. et al., pending in the respondent's court, and his complaint is that he has exceeded the bounds of his jurisdiction in entertaining it, and he desires that we should restrain his further exercise of jurisdiction by the writ of prohibition.

The suit referred to is one which was instituted by Pierre H. LeBlanc for the recovery from the defendants, Mehnert & Co., of the sum of sixteen dollars rent, under the following circumstances, viz:

That the sum specified is the one-fifth part of the sum of $80, which is the monthly rent, for the month ending on the 30th of September, 1889, of the three-story brick store No. 74 Tchoupitoulas street, in the city of New Orleans, occupied by them as tenants. That plaintiff arrived at the age of majority on the 2nd of August, 1889, and at once gave them notice of that fact, and demanded of them the payment to him of said fifth part of the said month's rent, but they expressed an unwillingness to do so, preferring to make payment of the entire sum due to Charles E. LeBlanc, plaintiff's father, by whom said premises were leased to them.

That at the time said lease contract was entered into, on the 30th of September, 1888, the plaintiff was a minor, and his father, in executing same, whilst ostensibly acting in his individual capacity, did really sign same as the administrator of his five children's property, which belonged to them in indivision, they having derived title thereto by donation from their grandmother, a few years before.

That while he recognizes his right to claim said tithe of rent from said tenants, he yet arbitrarily and unlawfully refuses to instruct them to pay same to him.

That said C. E. LeBlanc has no property of any kind, and an unlawful payment of said rent by defendants to him would cause plaintiff a great and irreparable injury, and, hence, he is entitled to a provisional injunction against said Mehnert & Co. et al. restraining them from making payment to the said C. E. LeBlanc, and the latter from exacting it of them.

Upon appropriate averments plaintiff obtained writs of injuction against C. E. LeBlanc and Mehnert & Co., and prayed for personal judgment against the latter, with recognition of his lessors' lien on the movable property in the leased premises.

In the respondent's court the defendants filed a plea to the jurisdiction, and, it having been overruled, they answered and plead the general issue. During the pendency of further proceedings the present application was made.

To make out the *want* of jurisdiction in the City Court to try the said cause, relator's counsel's contention is, that this is an evident attempt, on the part of the plaintiff, to recover from his father his one-fifth undivided interest in the real estate described, and to avoid the payment of any part of the expenses for the unexpired term of the lease; and

that such an action is, necessarily, petitory in character, and hence, it is not within the respondent's cognizance. Further, that the cause of action stated, necessarily involves proof of a donation of real estate. His further contention is that this suit is, in some sort, one for the recovery, by a minor who has recently come of age, from his father, who was an usufructuary during his minority, of his property, and that such suit must be brought in the Civil District Court.

If either of relator's hypotheses were true the respondent's court would have no jurisdiction, because the constitution has conferred upon the "City Courts of New Orleans * * exclusive and final jurisdiction over all *sums* not exceeding one hundred dollars, exclusive of interest." Const. Art. 135.

And the constitutional amendments of 1884 only confers appellate jurisdiction over said courts when the *sum* involved exceeds twenty-five dollars exclusive of interest.

But it appears from the foregoing statement to be clear, that the suit is one for the sum of sixteen dollars in money, only; and of it the respondent's court has full and complete jurisdiction. It is not the province of this court to pass upon the facts presented, nor indicate what would be a correct judgment for the respondent to render in the premises.

The constitution has confided that power to him, and his judgment will be final and unappealable in the premises.

In this situation of affairs we are authorized to entertain relator's application, but, under the statement of the case just given, we feel bound to refuse the relief he has demanded.

It is therefore ordered that the restraining order herein granted be rescinded and set aside, and that the peremptory writ of prohibition applied for be refused at the relator's cost.